UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TARA D. MATTHEWS, | Case No. 2:24-cv-01386-EJY |
| Plaintiff, | |
| v. | **ORDER** |
| MARTIN O'MALLEY,<br>Commissioner of Social Security, | |
| Defendants. | |

Pending before the Court are Plaintiff Tara Matthews' Complaint for Review of Final Decision of the Commissioner of Social Security and her Brief in support thereof. ECF Nos. 6, 10. Also pending is the Commissioner's Cross-Motion to Affirm. ECF No. 12. The Court reviewed all briefing related to these Motions and finds as follows.

I.    **Background**

Plaintiff applied for Social Security Disability Insurance and Supplemental Security Income benefits on April 13, 2021. ECF No. 10 at 1. In her application, Plaintiff alleged that she became disabled beginning on September 23, 2020. Plaintiff claimed her disability arose from back pain, leg and knee pain, depression, and anxiety. Administrative Record ("AR") 392. The state disability agency made an initial determination on August 18, 2022 finding several of Plaintiff's physical and mental impairments were severe and prevented her from performing her previous work, but that she retained the residual functional capacity ("RFC") to perform work as a billing typist, typist, and data entry clerk. AR 152-78. A reconsideration followed on February 17, 2023, in which the state agency noted inconsistencies in the original determination regarding Plaintiff's mental impairments. AR 185-86, 198-99. Upon reconsideration the state agency found Plaintiff's mental impairments were not severe and, as a result, she possessed the RFC to perform her past relevant work as an office manager. AR 190, 203.

Plaintiff filed a written request for a hearing before an Administrative Law Judge ("ALJ") on March 8, 2023. AR 276. The hearing took place on December 6, 2023, and the ALJ issued her

decision of non-disabled on February 13, 2024.  AR 18-31.  On March 14, 2024, Plaintiff submitted a request for review by the Appeals Council.  AR 352-353.  The Appeals Council denied review on June 25, 2024, thus making the ALJ's decision the final decision of the Commissioner.  AR 1-4. Plaintiff timely initiated the instant action seeking judicial review of the Commissioner's decision on July 29, 2024 arguing that the ALJ failed to give clear reasons supported by substantial evidence for discounting the examining opinion of Dr. Mark Short.  ECF No. 1.

**II.    Standard of Review**

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record.  42 U.S.C. § 405(g); *Batson v. Comm'r Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotation marks omitted).  In reviewing the Commissioner's alleged errors, the Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

"When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson*, 359 F.3d at 1198, citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).  A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (internal citation omitted).  Finally, the court may not reverse an ALJ's decision on account of an error that is harmless.  *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (internal citation omitted).  "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009).

To establish whether a claimant is disabled under the Act, there must be substantial evidence that:

(a)    the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and

(b)    the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999), *citing* 42 U.S.C. § 423(d)(2)(A).  "If a claimant meets both requirements, he or she is disabled." *Id*.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a).  Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098; 20 C.F.R. § 404.1520.  The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five.  *Tackett*, 180 F.3d at 1098.

The five steps are:

Step 1.  Is the claimant presently working in a substantially gainful activity?  If so, then the claimant is "not disabled" within the meaning of the Social Security Act and is not entitled to disability insurance benefits.  If the claimant is not working in a substantially gainful activity, then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two.  *See* 20 C.F.R. § 404.1520(b).

Step 2.  Is the claimant's impairment severe?  If not, then the claimant is "not disabled" and is not entitled to disability insurance benefits.  If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three.  *See* 20 C.F.R. § 404.1520(c).

Step 3.  Does the impairment "meet or equal" one of a list of specific impairments described in the regulations?  If so, the claimant is "disabled" and therefore entitled to disability insurance benefits.  If the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four.  *See* 20 C.F.R. § 404.1520(d).

Step 4.  Is the claimant able to do any work that he or she has done in the past?  If so, then the claimant is "not disabled" and is not entitled to disability insurance benefits.  If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step.  *See* 20 C.F.R. § 404.1520(e).

Step 5.  Is the claimant able to do any other work?  If not, then the claimant is "disabled" and therefore entitled to disability insurance benefits.  *See* 20 C.F.R. § 404.1520(f)(1).  If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do.  There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")],

or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to disability insurance benefits. *See* 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to disability benefits. *See id.*

*Id*. at 1098-99 (internal alterations omitted).

**III.    Discussion**

    A.    <u>Summary of ALJ's Findings</u>

At step one, the ALJ determined Plaintiff did not engage in substantial gainful activity since September 23, 2020, the alleged disability onset date. AR 20. At step two, the ALJ found Plaintiff suffered from the following severe impairments: obesity, degenerative changes of the lumbar spine, osteoarthrosis of the bilateral knees, and history of bilateral carpal tunnel release surgeries with recurrent symptomology. *Id.* Further, the ALJ found Plaintiff's chronic pain syndrome, history of uterine and ovarian cancer, and various mental impairments to be non-severe. *Id.* at 21. At step three, the ALJ found Plaintiff's impairment or combination of impairments did not meet or medically equal the severity of any "listed" impairment in 20 C.F.R. Part 404, subpart ("subpt.") P, Appendix ("App.") 1. AR 22.

In preparation for step four, the ALJ found Plaintiff had the RFC to:

[P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant could lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk 4 hours, and sit 6 hours in an 8 hour workday. She can occasionally stoop, kneel, crouch, and climb ramps or stairs, but is never to crawl or climb ladders, ropes, or scaffolds. She is limited to frequent handling, fingering, and feeling. She must avoid all hazards, such as unprotected heights and dangerous moving machinery like chainsaws and jackhammers.

AR 23.

In arriving at the RFC determination, the ALJ considered medical opinions and prior administrative medical findings, including those of Drs. Mark Short, Rick Mai, Ana Olivares, Jon Arnow, Kelly O'Neill, and Arthur Pirone. AR 28-29. The ALJ found the opinions of Dr. Short and Dr. Mai, who conducted consultative examinations of Plaintiff, to be partially persuasive and unpersuasive, respectively. AR 29. With respect to Dr. Short, the ALJ found his opinion that Plaintiff "could perform detailed and complex tasks and would have only mild issues interacting with others" to be persuasive, but found the conclusion that Plaintiff would "have moderate difficulty

responding consistently and appropriately to work pressure in a work setting and working in coordination with and in close proximity to others" to be unpersuasive, noting that it was "not supported by Dr. Short's report nor consistent with the record as a whole." *Id.* The ALJ found the opinions of the health consultants at the initial determination level, Drs. Olivares and Arnow, to be unpersuasive. AR 28-29. Regarding the opinions of Drs. O'Neill and Pirone, the medical consultants at the reconsideration level, the ALJ found both to be persuasive. *Id.*

At step four, the ALJ determined Plaintiff retained the RFC to perform her past relevant work, defined as:

> Office Manager, Dictionary of Occupational Titles (DOT) #169.167-034, with a specific vocational preparation code (SVP) of 7, and at a sedentary exertional level; Medical Secretary, DOT #201.362-014, with an SVP of 6, and at a sedentary exertional level; and Customer Service Representative Instructor, DOT #239.227-010, with an SVP of 6, and at a sedentary exertional level.

*Id.* at 30.

The ALJ concluded "[t]he claimant has not been under a disability, as defined in the Social Security Act, from September 23, 2020, through [February 13, 2024,] the date of this decision." *Id.* at 31. Therefore, the ALJ denied Plaintiff's applications for disability insurance benefits and supplemental security income because Plaintiff was not disabled under sections 216(i), 223(d), and 1614(a)(3)(A) of the Social Security Act. *Id.*

B.    The Parties' Arguments

In her Complaint Plaintiff challenges only the ALJ's evaluation of Dr. Short's opinion regarding the limiting effects of her mental impairments. Stipulating that the ALJ otherwise fairly and accurately summarized the medical and non-medical evidence of record, Plaintiff asserts the ALJ failed to provide an explanation supported by substantial evidence for rejecting Dr. Short's opinion that Plaintiff would have moderate difficulty in a work setting. ECF No. 10 at 7. Plaintiff asserts the ALJ's statement that this opinion "is not supported by Dr. Short's report nor consistent with the record as a whole" is conclusory and offers no explanation as to why the ALJ reached this finding. *Id.* at 7-8. Plaintiff argues that Dr. Short's opinion was supported by the results of the interview and mental status examination he conducted, leading Dr. Short to state Plaintiff's "mental process did not seem less impaired than the actual symptoms she was reporting." *Id.* at 8. Finally,

Plaintiff notes that the ALJ found Dr. O'Neill's contrary opinion persuasive, but argues that adopting one opinion over another without offering any explanation does not satisfy the substantial evidence standard. *Id.* at 9.

In opposition, the Commissioner argues the ALJ appropriately considered the supportability and consistency of Dr. Short's opinion, and that the ALJ's finding of partial persuasiveness was supported by substantial evidence. ECF No. 12 at 4. Regarding supportability, the Commissioner points to the ALJ's statement that the opinion was not supported by Dr. Short's own report, noting the results of the mental status exam contained no testing or questioning concerning Plaintiff's ability to work in coordination with or in close proximity to others. *Id.* at 6. Regarding consistency, the Commissioner argues that the ALJ's discussion of the record throughout her decision, including the prior administrative medical findings and Plaintiff's self-reported symptoms and activities, supports her ultimate conclusion that Dr. Short's "moderate difficulty" opinion was not consistent with the record as a whole. *Id.* at 7-8. Finally, the Commissioner notes that none of the portions of the mental status evaluation results quoted by Plaintiff provide support for Dr. Short's opinion of "moderate difficulty," and Dr. Short's statement that Plaintiff's "mental processes did not seem less impaired than the actual symptoms she was reporting" merely indicated Plaintiff was not exaggerating her symptoms, not that the symptoms were consistent with Dr. Short's ultimate opinion. *Id.* at 8.

C.    Analysis

The "most important factors" an ALJ must consider in assessing medical opinions are supportability and consistency. 20 C.F.R. § 404.1520c(b)(2). When determining the persuasiveness of a medical opinion based on these factors, an ALJ must still support his/her findings with substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). ("[A]n ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence."). Under the substantial evidence standard, an ALJ must "articulate ... how persuasive" it finds each medical opinion and "explain how [they] considered the supportability and consistency factors" in reaching this finding. *Id.* "Supportability means the extent to which a medical source supports the medical opinion by explaining the relevant ... objective medical evidence." *Id.* at 791-92 (internal quotations omitted). "Consistency means

the extent to which a medical opinion is 'consistent ... with the evidence from other medical sources and nonmedical sources in the claim." *Id.* (internal quotations omitted).

Applying these standards to Plaintiff's case at bar, the Court agrees the ALJ's statement that the relevant opinion by Dr. Short "is not supported by [his] report nor consistent with the record as a whole" (AR 29), if considered in isolation, does not meet the substantial evidence standard. In fact, if this were the ALJ's only reason for finding Dr. Short's opinion that Plaintiff would experience "moderate difficulty" in a work setting unpersuasive, the Court might reach a reversible error conclusion.

However, a reviewing court must consider the ALJ's decision as a whole. *Kaufmann v. Kijakazi*, 32 F.4th 843, 851 (9th Cir. 2022). Doing so here, the Court notes that the portions of Dr. Short's report inconsistent with his "moderate difficulty" opinion were identified by the ALJ within the same paragraph as the statement challenged by Plaintiff. In that paragraph, the ALJ cited Dr. Short's opinion that Plaintiff "would be able to consistently understand, consistently remember, and consistently carry out complex and detailed tasks without special supervision, and could sustain attention and concentration for the same." AR 29. The ALJ also noted Dr. Short found Plaintiff would have only "mild difficulty interacting with supervisors, peers, and the public," and Plaintiff's mental status exam demonstrated "generally normal findings." *Id.* These portions of Dr. Short's report demonstrate that his conclusion of "moderate difficulty" in a work setting is untethered to the remainder of his report. *Id.* In fact, when Dr. Short stated Plaintiff would have "moderate difficulty" in a work setting, he explained this conclusion was based "exclusively on her mental health concerns," rather than the results of the examination. AR 1193. In sum, Dr. Short's conclusion is inconsistent with the remainder of his report. AR 29.

While the ALJ could have provided a more organized discussion, there is no doubt that the ALJ identifies the portions of Dr. Short's report she found to be inconsistent with his "moderate difficulty" opinion. The Court is satisfied that the ALJ's reasoning is sufficiently clear for the ordinary reader to understand. The substantial evidence standard requires an ALJ to provide an explanation for rejecting a medical opinion as unpersuasive; it does not require a specific sentence order. *See Dupre v. Berryhill*, 765 Fed.Appx. 258, 259 (9th Cir. 2019) ("While the ALJ may have

1   explained her decision 'with less than ideal clarity,' the ALJ's 'path may be reasonably discerned.'")

2   (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014)).

3       Regarding Dr. Short's statement that Plaintiff's "mental process did not seem less impaired

4   than the actual symptoms she was reporting," AR 1191, the Court finds this statement is irrelevant

5   to whether his "moderate difficulty" opinion was supported by the rest of his report.   As the

6   Commissioner correctly notes, this comment was not made in connection with Dr. Short's "moderate

7   difficulty" opinion; rather, it indicated Plaintiff did not appear to be exaggerating her symptoms

8   during the exam.   *Id.*   Again, the ALJ noted that exam resulted in "generally normal findings."

9   Finally, that Plaintiff's subjective presentation of her symptoms aligned with the generally normal

10  findings on the exam cuts against, rather than supports, Plaintiff's argument.

11      The Court's finding is also supported by the ALJ's discussion of Dr. Olivares' opinions.   As

12  the ALJ explained, Dr. Olivares initially found "there was insufficient evidence to evaluate the

13  claimant's mental health before she attended a consultative examination." AR 28 (citing AR 157,

14  171).   Once a consultative examination had been performed, Dr. Olivares noted that Plaintiff's

15  mental status exam was within normal limits and Plaintiff had reported improvement in her

16  symptoms with treatment. AR 157, 171.   The ALJ therefore concluded Dr. Olivares' findings of

17  limitation were based largely on Plaintiff's own reporting as they conflicted with Dr. Olivares'

18  description of the consultative evaluation. AR 28.   This discussion by the ALJ is readily applied to

19  Dr. Short' opinion because, as the ALJ noted on the next page of her decision, the consultative

20  evaluation described by Dr. Olivares was the one performed by Dr. Short. AR 29.   At the risk of

21  redundancy, the fact that Dr. Short's mental status exam reported normal findings is inconsistent

22  with his opinion that Plaintiff would have "moderate difficulty" in a work setting.   While the ALJ

23  did not expressly connect this discussion of the mental status exam to her conclusion that Dr. Short's

24  findings were internally inconsistent, her reasoning is easily understood by the ordinary reader

25  without reference to the record.

26      The ALJ's reasoning is further clarified by her citation to, and adoption of, Dr. O'Neill's

27  findings at the reconsideration level.   The ALJ explained that Dr. O'Neill's findings were persuasive

28  in part because she "point[ed] out the errors made at the initial level evaluation of evidence."   AR

28.  In Dr. O'Neill's review of the consultative examination performed by Dr. Short, she explained that "[t]he [consultative examination] actually found [Plaintiff] as capable of sustaining for complex tasks with no more than Mild limitations for social interactions," and that "[a]lthough the CE indicates Moderate limitations handling work pressure the [medical evidence of record] in file does not support this finding."  AR 185.  The ALJ's citation to Dr. O'Neill's report, combined with her own discussion of the consultative examination, provide sufficient evidence to support her conclusion that Dr. Short's "moderate difficulty" opinion was unpersuasive.

The ALJ's decision, when read as a whole, addressed the supportability and consistency of Dr. Short's medical opinion.  The ALJ's analysis is supported by substantial evidence.  The fact that the discussion of evidence was provided before, rather than after, her finding is not grounds for reversal.

**IV.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint seeking reversal of the ALJ's decision (ECF No. 6) is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court must close this case and enter judgment accordingly.

Dated this 23rd day of April, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE